# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FORDJOUR,<br><br>           Plaintiff,<br><br>   v.<br><br>CDCR WARDENS, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:07-cv-01114-LJO-SMS PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE<br><br>(Doc. 8) |

      Plaintiff Charles Fordjour ("plaintiff") is a state prisoner who filed this action pro se. On July 26, 2007, plaintiff filed a self-titled "Criminal Complaint" pursuant to 18 U.S.C. § 241 and 18 U.S.C. § 242 against prison officials. (Doc. 1.) The action was dismissed on August 6, 2007, and plaintiff now seeks reconsideration. (Docs. 3, 8.)

      Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

      Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634

F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id. When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Plaintiff argues that his complaint was misinterpreted and he was seeking to have the Court refer his complaint to the United States Attorney's Office for prosecution. Plaintiff contends that the Court has the authority to do so pursuant to 18 U.S.C. § 3041.

Plaintiff misunderstands section 3041, which defines the power of the courts and magistrates with respect to arrest and commitment. Further, the Court's dismissal order does not stand for the proposition that prison officials cannot be criminally prosecuted for violating plaintiff's civil rights. Rather, the Court does not accept criminal complaints submitted by citizens and refer them to the U.S. Attorney's Office for prosecution. The U.S. Attorney's Office determines when and if to file federal criminal charges. If plaintiff wishes to request that criminal charges be filed against prison officials for violation of sections 241 and 242, he must contact the U.S. Attorney's Office directly.[1] As plaintiff was previously notified, if he wishes seek relief through the Court, he must file a *civil* complaint requesting relief for the violation of his federal rights. Plaintiff was provided with a complaint form at the time this action was dismissed.

///
///
///
///

---

[1] Plaintiff may reach the United States Attorney's Office at 2500 Tulare Street, Suite 4401, Fresno, California, 93721.

2

1  There are no grounds to set aside the Court's order dismissing this action, and plaintiff's
2  motion for reconsideration, filed August 14, 2007, is HEREBY DENIED, with prejudice.

4  IT IS SO ORDERED.
5  **Dated:   August 18, 2007**              /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE